NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3591
_____

TIMOTHY E. STOUGH,

Appellant

v.

CONDUCTIVE TECHNOLOGIES, INC.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-12-cv-02545)
District Judge:  Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
April 29, 2015

Before:  FISHER, HARDIMAN and ROTH, *Circuit Judges*.

(Filed: May 19, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Timothy Stough appeals the District Court's summary judgment rejecting his claims of disability discrimination. We will affirm.

I

In 2007, Stough informed his employer, Conductive Technologies, Inc., that he had been diagnosed with Parkinson's disease. In September 2009, Conductive learned that Stough had been having an affair with one of his subordinates. Stough received a written warning, a 10-day suspension, an order to cease contact with the employee in question, and a transfer to a nonsupervisory position. In April 2011, Conductive created a new executive position and filled it with an internal candidate. Conductive's president, Matthew Musho, stated that Stough was never considered for the position because his affair exhibited "a lack of judgment" and he "lacked the technological skills necessary" to do the job. App. 103–04. In March 2012, Stough filed a charge against Conductive with the Equal Employment Opportunity Commission, alleging that he had been discriminated against on the basis of his Parkinson's disease.

After the EEOC notified him of his right to sue, Stough sued Conductive in the U.S. District Court for the Middle District of Pennsylvania. Alleging violations of the Americans with Disabilities Act, Stough claimed that he had been demoted, passed over for a promotion, harassed, and subjected to unfair performance evaluations because of his disability. Fact discovery began in August 2013, with a deadline of February 27, 2014. At about 3:30 p.m. on February 27, Stough filed a motion for an extension of time to complete discovery, which the District Court denied. After Conductive moved for

2

summary judgment in March 2014, Stough filed a motion for permission to conduct additional discovery in order to respond adequately to Conductive's motion. The District Court denied Stough's motion and granted Conductive summary judgment, holding that Stough's demotion and failure to promote claims were time-barred and that his hostile work environment claim failed as a matter of law. *Stough v. Conductive Techs., Inc.*, 2014 WL 3421069 (M.D. Pa. July 11, 2014). Stough filed this timely appeal.[1]

## II

"The conduct of discovery is a matter for the discretion of the district court and its decisions will be disturbed only upon a showing of an abuse of this discretion." *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). Our review of summary judgments, on the other hand, is plenary, *id.* at 83, and summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a).

### A

Federal Rule of Civil Procedure 56(d) permits a litigant who "cannot present facts essential to justify its opposition" to a motion for summary judgment to request that the district court permit additional discovery. "We have interpreted this provision to require 'a party seeking further discovery in response to a summary judgment motion [to] submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

3

obtained.'" *Pa. Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (alteration in original) (quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 139–40 (3d Cir. 1988)).

We hold that the District Court did not abuse its discretion in finding the materials submitted by Stough inadequate to warrant relief under Rule 56(d). Stough admitted that the first time he sought to conduct the requested discovery—depositions of six witnesses associated with Conductive—was on February 26, 2014, one day before the expiration of the time allotted for fact discovery. The next afternoon, just hours before the deadline, Stough requested an extension of time from the District Court. Counsel's only explanation for this tardy effort is that "severe winter weather during February 2014" caused "considerable and unprecedented scheduling issues." App. 364. But inclement weather during the last month of the discovery phase does not explain counsel's failure to even initiate the scheduling process at any point during the previous six months. *See Lunderstadt v. Colafella*, 885 F.2d 66, 71 (3d Cir. 1989) (affirming the denial of a motion to delay summary judgment for additional discovery because the movants failed to sufficiently explain their lack of diligence). Because Stough did not support his Rule 56(d) motion by adequately specifying why the discovery materials sought "ha[d] not previously been obtained," the District Court did not err in denying his motion. *Dowling*, 855 F.2d at 140.

B

With respect to the District Court's summary judgment for Conductive, Stough claims the Court erred by holding that his demotion and failure to promote claims were untimely and that his hostile work environment claim fails as a matter of law. We disagree.

Before initiating an employment discrimination suit under the ADA, Stough was required to file a charge with the EEOC within 300 days. *See* 42 U.S.C. §§ 2000e-5(e)(1), 12117(a). Stough filed his EEOC charge "[o]n or about March 12, 2012," App. 27, meaning any claims accruing before May 17, 2011 were untimely. Stough's alleged demotion took place in late 2009, and he was passed over for Conductive's new executive position in April 2011. The District Court therefore correctly held that these claims were time-barred.[2]

Stough's hostile work environment claim, meanwhile, fails on the merits. In his brief, Stough refers to several incidents he perceived as harassment and mistreatment. Stough Br. 7–11, 29–32. He alleges that a Conductive board member told him after he was disciplined for his workplace romance that his new position was "not so bad considering [his] condition and all and no decrease in salary," App. 113; that he was

_____

[2] Stough argues that his claims were timely because his demotion and nonpromotion were parts of a "continuing violation." Stough Br. 25–29 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)). We reject this argument because (1) Stough makes no meaningful effort to link these incidents to discriminatory treatment taking place within the relevant 300-day window, and (2) we have previously held, in interpreting *Morgan*, that demotion and failure to promote are "discrete acts" that "cannot be aggregated under a continuing violations theory." *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006).

unfairly downgraded on a performance evaluation because of the affair; that Musho gave him a booklet on Parkinson's disease around the time he was not promoted; that Musho, speaking privately with another Conductive executive, explained his decision not to promote Stough by stating, "[H]e's got Parkinson's," App. 116; that he was reprimanded for missing a meeting; that Conductive's human resources manager sent him a letter asking him to complete a questionnaire in order to receive additional medical leave; and that other Conductive employees spoke negatively about him in meetings.

We agree with the District Court that these allegations of mistreatment and the evidence Stough has adduced to support them are insufficient to avoid summary judgment. A prima facie hostile work environment claim requires, *inter alia*, that the claimant was subject to harassment on the basis of his disability and that "the harassment was sufficiently severe or pervasive to alter the conditions of [his] employment and to create an abusive working environment[.]" *Walton v. Mental Health Ass'n of Se. Pa.*, 168 F.3d 661, 667 (3d Cir. 1999). Several of Stough's allegations are irrelevant because they appear to be wholly unrelated to his disability (*e.g.*, the assertions that he was harassed and unfairly evaluated on the basis of his affair, the reprimand for missing a meeting, and the negative chatter about him by other employees). *See id.* ("The fact that [the employer's behavior] may have been offensive does not indicate that it was based on [the plaintiff's] disability."). Some allegations are insufficiently severe, even when aggregated with the others, to rise to the level of a hostile work environment (*e.g.*, the board member's alleged "not so bad" comment and the matter of the Parkinson's disease booklet). *Cf. Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("[O]ffhand

6

comments[] and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'"). And the remainder are duplicative of his time-barred demotion and failure to promote claims (*e.g.*, the allegation that Musho nixed his promotion on the basis of his Parkinson's diagnosis). Viewing the record evidence in the light most favorable to Stough, we cannot say a reasonable jury could rule in his favor on his hostile work environment claim.

\*       \*       \*

The judgment of the District Court will therefore be affirmed.

7